UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PETER L. SHIRD,

                Plaintiff,

vs.                              Case No. 2:08-cv-472-FtM-29SPC

MICHAEL J. ASTRUE, Commissioner of
Social Security,

                Defendant.
_____

## OPINION AND ORDER

This matter is before the Court on consideration of Magistrate Judge Sheri Polster Chappell's Report and Recommendation (Doc. #20), filed on May 26, 2009, recommending that the Commissioner's decision to deny social security disability benefits be remanded with instructions to the Commissioner to further consider an issue. No objections have been filed, and the time to do so has expired.

The Court reviews the Commissioner's decision to determine if it is supported by substantial evidence and based upon proper legal standards. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004). Substantial evidence is more than a scintilla but less than a preponderance, and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005); Crawford, 363 F.3d at 1158. Even if the evidence preponderates against the

Commissioner's findings, the Court must affirm if the decision reached is supported by substantial evidence. Crawford, 363 F.3d at 1158-59. The Court does not decide facts anew, make credibility judgments, reweigh the evidence, or substitute its judgment for that of the Commissioner. Moore, 405 F.3d at 1211; Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). The magistrate judge, district judge and appellate judges all apply the same legal standards to the review of the Commissioner's decision. Dyer, 395 F.3d at 1210; Shinn v. Comm'r of Soc. Sec., 391 F.3d 1276, 1282 (11th Cir. 2004); Phillips v. Barnhart, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004).

The Administrative Law Judge (ALJ) found that plaintiff was disabled beginning March 12, 2007. No one disputes this finding. The ALJ also found that plaintiff was not disabled from September 15, 2004, his claimed onset date, to March 11, 2007. Plaintiff challenges that portion of the ALJ's Decision.

The Court agrees with the Report and Recommendation's findings and conclusion that the ALJ properly weighed the medical opinions in the record. The Court also agrees, on the record developed so far, that the ALJ's finding concerning plaintiff's residual functional capacity is supported by substantial evidence and that use of the Grids was proper.

The Court further agrees that the case must be remanded to the Commissioner to continue/re-open the hearing before the ALJ. The initial hearing was terminated because of upon an equipment

malfunction while plaintiff's counsel was examining plaintiff. Plaintiff had not finished his testimony, and the ALJ stated that he would reconvene the hearing at another time to allow counsel to finish his questioning. The equipment was not fixed and the hearing was terminated, but the hearing was not reconvened by the ALJ. Instead, a report from Dr. Rabinowitz was obtained and relied upon by the ALJ in his Decision. Thus, whether viewed as re-opening the hearing after obtaining the report of another physician or as completing the truncated hearing, a remand is required.

On remand, plaintiff shall have the opportunity to cross examine Dr. Rabinowitz as to his new report, as set forth in the Report and Recommendation. Additionally, since the testimony of plaintiff was never completed, on remand plaintiff shall be allowed to complete his testimony. Further, after considering the additional testimony and evidence, the ALJ may need to reconsider plaintiff's residual functional capacity and the use of the Grids. Dr. Rabinowitz found plaintiff's use of a cane was medically necessary, and if the evidence establishes the need for a cane prior to March 12, 2007, the ALJ cannot use the Grids to deny benefits as to this time period. Walker v. Bowen, 826 F.2d 996 (11th Cir. 1987).

Accordingly, it is now

**ORDERED:**

1. The Report and Recommendation (Doc. #20) is **accepted and adopted** by the Court.

2. The Decision of the Commissioner of Social Security is **remanded** to the Commissioner of Social Security pursuant to sentence four of 42 U.S.C. § 405(g) so that the Commissioner can re-open/continue the hearing; allow plaintiff the opportunity to cross examine Dr. Rabinowitz; allow plaintiff to continue his presentation of testimony and evidence; re-consider plaintiff's residual functional capacity and the use of the Grids, if necessary; and take such further steps as are necessary to properly resolve the claim.

3. The Clerk of the Court shall enter judgment accordingly and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this __10th__ day of June, 2009.

*[signature: John E. Steele]*

JOHN E. STEELE
United States District Judge

Copies:
Hon. Sheri Polster Chappell
U.S. Magistrate Judge

Counsel of Record